IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| IPIPELINE, INC. | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| LIS PIPELINE, LLC | : | NO. |
| Defendant | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.    (See § 1:03 of the plan set forth on the reverse side of this form.)     In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus — Cases brought under 28 U.S.C. § 2241 through § 2255.                     (    )

(b)  Social Security — Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                          (    )

(c)  Arbitration — Cases required to be designated for arbitration under Local Civil Rule 53.2.   (    )

(d)  Asbestos — Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                   (    )

(e)  Special Management — Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court.    (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                      (XXX)

(f)  Standard Management — Cases that do not fall into any one of the other tracks.           (    )

| | | |
|---|---|---|
| 6/4/2018 | _Robt A. McK___ | Plaintiff |
| **Date** | **Attorney-At-Law** | **Attorney for** |

| | | |
|---|---|---|
| (856)232-1600 | (856) 232-1601 | rmckinley@lauletta.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

Civil Justice Expense and Delay Reduction Plan
Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.    In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

SPECIAL MANAGEMENT CASE ASSIGNMENTS
(See §1.02 (e) Management Track Definitions of the
Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"    as that term has been used in the Manuals for Complex Litigation.    The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.    This term is intended to include cases that present unusual problems and require extraordinary treatment.    See §0.1 of the first manual.    Cases may require special or intense management by the court due to one or more of the following factors:    (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.    It may include two or more related cases.    Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.    See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| IPIPELINE, INC. | LIS PIPELINE, LLC |

**(b)** County of Residence of First Listed Plaintiff   CHESTER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ROBERT A. MCKINLEY, LAULETTA BIRNBAUM, LLC
591 MANTUA BLVD., SEWELL NJ 08080  (856)232-1600)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
    Plaintiff

☒ 3  Federal Question
    *(U.S. Government Not a Party)*

☐ 2  U.S. Government
    Defendant

☐ 4  Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☒ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    Another District
    *(specify)*

☐ 6 Multidistrict
    Litigation -
    Transfer

☐ 8 Multidistrict
    Litigation -
    Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C.1501 et. seq.; 28 u.s.c. 1332

Brief description of cause:
Federal trademark infringement and unfair competition

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*

JUDGE _____   DOCKET NUMBER _____

DATE
06/04/2018

SIGNATURE OF ATTORNEY OF RECORD
*Robt A. McK[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 222 Valley Creek Blvd., Suite 800, Exton, PA 19341

Address of Defendant: _____ 6582 Geneva St., Lake Worth, FL 33467

Place of Accident, Incident or Transaction: _____ Philadelphia., P.A.

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.   *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____ Federal trademark infringement _____

**B.   *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Robert A. McKinley _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

- ☑ Relief other than monetary damages is sought.

DATE: 06/04/2018   _____   82538
                   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5 2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IPIPELINE, INC.<br><br>              Plaintiff,<br><br>      v.<br><br>LIS PIPELINE, LLC<br><br>              Defendant. | Civil Action No.<br><br>Jury Trial Demanded |

## COMPLAINT

1.      This is an action for trademark infringement, false designation of origin, unfair competition, dilution and unjust enrichment.

2.      Plaintiff, iPipeline, Inc., is a corporation organized and existing under the laws of Delaware, having a place of business at 222 Valley Creek Blvd., Suite 300, Exton, PA 19341

3.      Upon information and belief, defendant, LIS PIPELINE, LLC, is a Florida limited liability corporation and has a place of business at 6582 Geneva St., Lake Worth, FL 33467.

4.      This action arises under the trademark laws of the United States, in particular the Lanham Act, 15 U.S.C. 1051 et seq.  It also arises under principles of state common law.  There is diversity of citizenship and the amount in controversy exclusive of interest and costs exceeds seventy five thousand dollars ($75,000.00).  Federal question jurisdiction is conferred pursuant to 28 U.S.C. 1331, 1332, and 1338.

5.      This court has supplemental jurisdiction over the claims brought under the state statutory and common law pursuant to 28 U.S.C. 1367.

6.      Venue in this court is based upon 28 U.S.C. 1391.

7.     Upon information and belief, defendant, **LIS PIPELINE, LLC** has done business within the Commonwealth of Pennsylvania and is subject to the jurisdiction of this Court under 42 Pa.C.S.A. 5301 and 5302.

## OPERATIVE FACTS

8.     Plaintiff at all times mentioned herein and at least as early as 1996 has been, and is now in the business of offering a family of insurance and financial services products, marketed primarily to insurance companies, brokers and agents, throughout the United States, including the Commonwealth of Pennsylvania and this district.

9.     Plaintiff is the owner of the following U.S. Trademark Registrations:

| Reg. No. | Mark | Goods |
|---|---|---|
| 3,799,398 | IPIPELINE | Providing temporary use of non-downloadable software for expediting and facilitating the marketing, selling and processing of insurance and financial products for the insurance industry |
| 4,515,634 | IPIPELINE E-SSENTIALS | Software as a service (SAAS) services featuring software for expediting and facilitating the marketing, selling and processing of insurance and financial products in the insurance industry for agents in the life insurance industry |
| 4,779,095 | IPIPELINE INSURANCE ACCELERATED | Providing temporary use of non-downloadable software for expediting and facilitating the marketing, selling and processing of insurance and financial products for the insurance industry |

10.    Each of the above-referenced trademark registrations are valid, subsisting, uncancelled and unrevoked.

11.    The IPIPELINE trademark registrations is incontestable as provided by 15 U.S.C. 1065.  A copy of each of the foregoing trademark registrations are annexed hereto as Exhibits A-C and are sometimes referred to as plaintiff's "IPIPELINE" trademarks.

12.     Plaintiff has continuously used the trademark "IPIPELINE" covered by U.S. Trademark Registration No. 3,799,398 in commerce since January 1996.  Under 15 U.S.C. 1115(b), this lawfully obtained incontestable registration is therefore conclusive evidence of plaintiff's exclusive right to use the trademark "IPIPELINE " on services for providing temporary use of non-downloadable software for expediting and facilitating the marketing, selling and processing of insurance and financial products for the insurance industry.

13.     Since long prior to the acts of defendants complained of herein, plaintiff has sold throughout the United States, including the Commonwealth of Pennsylvania and this district, insurance and financial product services bearing its federally registered "IPIPELINE" trademarks.

14.     Plaintiff has made substantial sales of its insurance and financial product services under its federally registered "IPIPELINE" trademarks throughout the United States including Pennsylvania.

15.     Plaintiff has advertised and promoted its insurance and financial product services throughout the United States including Pennsylvania under its federally registered "IPIPELINE" trademarks.  A sample of several snippets from pages from plaintiff's website's (www.ipipeline.com) is annexed to this Complaint as Exhibit D.

16.     Since long prior to the acts of defendants complained of herein, plaintiff has sold throughout the United States, including the Commonwealth of Pennsylvania and this district, insurance and financial product services under its "IPIPELINE" trade name.

17.     Plaintiff has made substantial sales of its insurance and financial product services under its "IPIPELINE" trade name throughout the United States including Pennsylvania.

18.     Plaintiff has advertised and promoted its insurance and financial product services products throughout the United States including Pennsylvania under its "IPIPELINE" trade name.

19.    As a result of plaintiff's aforementioned sales, advertising and promotion, plaintiff's registered "IPIPELINE" trademarks and trade name have become well-known throughout the United States, including the Commonwealth of Pennsylvania, and said trademarks and trade name have come to signify plaintiff and plaintiff's services, since long prior to the acts of defendants complained of herein, and plaintiff now owns a valuable goodwill which is symbolized by and embodied in its "IPIPELINE" trademarks and trade name.

20.    Subsequent to plaintiff's adoption, use and registration of its "IPIPELINE" trademarks for its insurance and financial product services, and plaintiff's adoption and use of its trade name "IPIPELINE", defendant offered for sale and sold in interstate commerce under the mark "LSPIPELINE" insurance and financial product services, in direct competition with plaintiff's "IPIPELINE" services.  A sample of snippets from pages from defendant's website (www.lispipeline.com), including its "Terms of Service" which were willfully copied virtually verbatim from ipipeline's Terms of Service (see Exhibit D) is attached to this Complaint as Exhibit E.

21.    Defendant's adoption and use of the marks "LSPIPELINE" and "LISPIPELINE" on and in connection with its competing business was and is, upon information and belief, with full knowledge of plaintiff's use of its federally registered "IPIPELINE" trademarks and plaintiff's use of its trade name "IPIPELINE", and was and is with the intent and for the purpose, and has had the effect, of wrongfully infringing upon plaintiff's "IPIPELINE" trademarks and trade name so as to trade upon the goodwill represented by plaintiff's "IPIPELINE" trademarks and trade name so as to give defendant's "LSPIPELINE" and "LISPIPELINE" services a salability which they would not have otherwise had.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

22.    The allegations of paragraphs 1 through 21 are incorporated herein by reference as though fully set forth therein.

23.     This cause of action arises under the trademark laws of the United States, 15 U.S.C. 1051 et seq.

24.     Plaintiff's Trademark Registration Nos. 3,799,398, 4,515,634, and 4,779,095 are valid, subsisting, uncancelled and unrevoked.

25.     Plaintiff's Trademark Registration No. 3,799,398 for "IPIPELINE" is incontestable pursuant to 15 U.S.C. 1065.

26.     Plaintiff has continuously used and promoted in interstate commerce its "IPIPELINE" trademark for insurance and financial products services for the insurance industry since 1996, long prior to the acts of defendants complained of herein.

27.     Defendant has adopted and is using the marks "LSPIPELINE" and "LISPIPELINE" for insurance and financial products services, which simulates plaintiff's "IPIPELINE" marks.  Defendant's  "LSPIPELINE" and "LISPIPELINE" marks are similar in sound, connotation and in meaning to, and is an infringement of plaintiff's "IPIPELINE" marks. Defendant's officers and directors were aware of IPIPELINE and the services it provided at the time Defendant adopted the "LSPIPELINE" and "LISPIPELINE" marks.

28.     Defendant's actions were and are intended, and are likely to cause confusion, mistake or deception as to the source of origin, sponsorship or approval of defendant's "LSPIPELINE" and "LISPIPELINE" marks, in that purchasers or others are possibly and likely to believe that defendants' "LSPIPELINE" and "LISPIPELINE" services are plaintiff's "IPIPELINE" services, or an associated product or service, or the product or service of a company legitimately connected with or related to plaintiff.

29.     Plaintiff and defendant apply their respective marks to services which are highly similar if not identical, namely insurance and financial products services.

30.     The insurance and financial products services and in connection with which defendants have used their "LSPIPELINE" and "LISIPIPELINE" marks are services which are sold to the identical group of end purchasers as the servcies sold by plaintiff under its "IPIPELINE" marks, namely insurance companies, brokers, agents and employees.

31.     The likely confusion, mistake or deception referred to herein was intended to be and is being accomplished in part through defendants' use of the marks "LSPIPELINE" and "LISIPIPELINE" on and in connection with its services, which is confusingly similar to plaintiff's federally registered "IPIPELINE" trademarks.

32.     Defendant's "LSPIPELINE" and "LISIPIPELINE" marks are confusingly similar to plaintiff's "IPIPELINE" marks.  Defendant's use of the "LSPIPELINE" and "LISIPIPELINE" marks and the promotion and sale of services under those marks are acts likely to cause confusion, or to cause mistake or to deceive members of the public and the trade, and infringe the rights secured by plaintiff by the registration for its "IPIPELINE" marks.  Defendant's acts in adopting the "LSPIPELINE" and "LISIPIPELINE" marks were willful and intentional and for the purpose of trading off of the goodwill established by plaintiff under its "IPIPELINE" mark.

33.     Plaintiff has no control over the quality of services provided, promoted, advertised or sold by defendant, with the result that plaintiff's valuable goodwill with respect to its "IPIPELINE" marks is irreparably injured by the acts of defendant complained of herein.

34.     As a result of said trademark infringement, plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT II - FALSE DESIGNATION OF ORIGIN

35.     The allegations of paragraphs 1 through 34 are incorporated herein by reference as though fully set forth therein.

36.     This cause of action arises under 15 U.S.C. 1125(a).

37.     Defendant's aforementioned conduct in appropriating plaintiff's trademarks and trade name constitutes a false description and designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

38.     Defendant's conduct in appropriating and using trademarks confusingly similar to plaintiff's trademarks and trade name "IPIPELINE" constitutes a false description and designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

39.     By means and as a result of said violation, plaintiff has suffered and continues to suffer serious and substantial injury, including irreparable injury, for which it has no adequate remedy at law.

## COUNT III - COMMON LAW TRADEMARK INFRINGEMENT

40.     The allegations of paragraphs 1 through 39 are incorporated herein by reference as though fully set forth herein.

41.     This cause of action arises under the common law.

42.     Defendant's' aforementioned conduct, in adopting and using a trademark confusingly similar to plaintiff's "IPIPELINE" trademarks, has infringed and is infringing upon plaintiff's "IPIPELINE" trademarks.

43.     Defendant's aforementioned conduct constitutes willful common law trade-mark infringement.

44.     As a result of said infringement, plaintiff has suffered and continues to suffer serious and substantial injury, including irreparable injury, for which it has no remedy at law.

## COUNT IV - UNFAIR COMPETITION

45.     The allegations of paragraphs 1 through 44 are incorporated herein by reference as though fully set forth herein.

46.     This cause of action arises under the common law.

47.     Defendants' aforementioned conduct constitutes unfair competition.

48.     By means and as a result of said unfair competition, plaintiff has suffered and continues to suffer serious and substantial injury, including irreparable injury for which it has no adequate remedy at law.

## COUNT V - UNJUST ENRICHMENT

49.     The allegations of paragraphs 1 through 48 are incorporated herein by reference.

50.     This cause of action arises under the common law.

51.     By the acts and activities complained of herein, defendants have been unjustly enriched.

## PRAYERS FOR RELIEF

**WHEREFORE,** plaintiff prays for relief against defendants as follows:

1.     That defendant, its partners, agents, sales representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with it, be enjoined and restrained first preliminarily during the pendency of this action and thereafter permanently by Order of this Court from doing, abiding, causing or abetting any of the following:

(a)     directly or indirectly infringing plaintiff's "IPIPELINE" trademarks and plaintiff's trade name "IPIPELINE";

(b)     from passing off, inducing or enabling others to sell or pass off any product or services as or for products or services produced by plaintiff, which are not plaintiff's or are not produced or offered under the control or supervision of plaintiff and approved by plaintiff;

(c)     directly or indirectly engaging in any acts or activities calculated to trade upon plaintiff's "IPIPELINE" marks and/or "IPIPELINE" trade name or the reputation or good-will of plaintiff, or in any manner to compete with plaintiff unfairly;

(d)      using in the sale, offering for sale, promotion, advertising, marketing and/or distribution of its goods/services the "LSPIPELINE" or"LISPIPELINE." mark or any mark which simulates or imitates or is confusingly similar to plaintiff's "IPIPELINE" marks and/or "IPIPELINE" trade name, including but not limited to any mark containing the characters "IPIPELINE,," in such a manner as to deceive, or to falsely describe or represent the source of the goods or services or otherwise create confusion upon the purchasing public or the trade;

(e)      further diluting and violating plaintiff's property rights and goodwill; and

(f)      from otherwise competing unfairly with plaintiff in any manner whatsoever.

2.      That defendant be required to deliver up to plaintiff for destruction, all packaging, labels, signs, promotional materials, advertisements, and other communications to the public in the possession or under its control bearing thereon any material or representations that are or may be false or misleading concerning the source of origin of the goods/services offered in connection with the sale of goods/services by defendant.

3.      That defendant take all necessary and appropriate steps to recall for destruction all goods, advertising and other materials, including but not limited to packaging and advertisements, bearing the  "LSPIPELINE" and/or "LISPIPELINE." marks from its stores, suppliers, distributors, jobbers, wholesalers or other customers, which have not been resold by those customers to their retail customers, and to remove such "LSPIPELINE" and "LISPIPELINE" marks from its promotional materials, advertisements, other writings, and all presentations of it on the internet, including the domains www.lispipeline.com, www.lspipeline.net and any other domain using the charatcers "PIPELINE".

4.      That defendant be required to pay over to plaintiff as damages all profits realized by them from their unlawful acts complained of herein.

5.      That defendant be directed to pay over to plaintiff all damages suffered by plaintiff as a result of statutory trademark infringement, unfair competition, false designation of origin, and unjust enrichment complained of herein, and that such damages be trebled.

6.      That plaintiff be awarded punitive damages for defendant's willful and wanton acts of trademark infringement, unfair competition and other unlawful injurious acts of defendants complained of herein.

7.      That plaintiff be awarded its reasonable attorney's fees and the cost of this action.

8.      That plaintiff have such other and further relief as the Court may deem just and proper.

BY: _____

Robert A. McKinley, Esq. (P.A. Bar No. 82538)
**LAULETTA BIRNBAUM**
591 Mantua Blvd., Suite 200
Sewell, NJ 08080
T: 856.669.2573
F: 856.232.1601
Email: rmckinley@lauletta.com

*Attorneys for Plaintiff*

Date: June 4, 2018

# EXHIBIT A



# United States of America

### United States Patent and Trademark Office

# iPipeline

**Reg. No. 3,799,398**

**Registered June 8, 2010**

**Int. Cls.: 9 and 42**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

INTERNET PIPELINE, INC. (DELAWARE CORPORATION), DBA IPIPELINE
750 SPRINGDALE DRIVE
EXTON, PA 19341

FOR: DOWNLOADABLE SOFTWARE FOR EXPEDITING AND FACILITATING THE MARKETING, SELLING AND PROCESSING OF INSURANCE AND FINANCIAL PRODUCTS FOR THE INSURANCE INDUSTRY, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-0-1996; IN COMMERCE 1-0-1996.

FOR: PROVIDING TEMPORARY USE OF NON-DOWNLOADABLE SOFTWARE FOR EXPEDITING AND FACILITATING THE MARKETING, SELLING AND PROCESSING OF INSURANCE AND FINANCIAL PRODUCTS FOR THE INSURANCE INDUSTRY, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 1-0-1996; IN COMMERCE 1-0-1996.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-852,946, FILED 10-20-2009.

MARGERY A. TIERNEY, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# EXHIBIT B



# United States of America
## United States Patent and Trademark Office

# iPipeline e-ssentials

**Reg. No. 4,515,634**
**Registered Apr. 15, 2014**

**Int. Cl.: 42**

**SERVICE MARK**

**PRINCIPAL REGISTER**

INTERNET PIPELINE, INC. (DELAWARE CORPORATION), DBA IPIPELINE,
222 VALLEY CREEK BLVD., SUITE 300
EXTON, PA 19341

FOR: SOFTWARE AS A SERVICE (SAAS) SERVICES FEATURING SOFTWARE FOR EX-
PEDITING AND FACILITATING THE MARKETING, SELLING AND PROCESSING OF IN-
SURANCE AND FINANCIAL PRODUCTS IN THE INSURANCE INDUSTRY FOR AGENTS
IN THE LIFE INSURANCE INDUSTRY, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 12-0-2012; IN COMMERCE 12-0-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,799,398.

SN 85-777,842, FILED 11-13-2012.

SUNG IN, EXAMINING ATTORNEY



**Deputy Director of the United States**
**Patent and Trademark Office**

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

>    *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the
>    5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is
>    accepted, the registration will continue in force for the remainder of the ten-year period, calculated
>    from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
>    federal court.

>    *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an
>    Application for Renewal between the 9th and 10th years after the registration date.\*
>    *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

>    You must file a Declaration of Use (or Excusable Nonuse)  **and** an Application for Renewal between
>    every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date).  The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the
USPTO website for further information.  With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

# EXHIBIT C

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,779,095**

**Registered July 21, 2015**

**Int. Cl.: 42**

**SERVICE MARK**

**PRINCIPAL REGISTER**

INTERNET PIPELINE, INC. (DELAWARE CORPORATION), DBA IPIPELINE,
222 VALLEY CREEK BLVD., SUITE 300
EXTON, PA 19341

FOR: PROVIDING TEMPORARY USE OF NON-DOWNLOADABLE SOFTWARE FOR EX-
PEDITING AND FACILITATING THE MARKETING, SELLING AND PROCESSING OF IN-
SURANCE AND FINANCIAL PRODUCTS FOR THE INSURANCE INDUSTRY, IN CLASS
42 (U.S. CLS. 100 AND 101).

FIRST USE 8-0-2014; IN COMMERCE 8-0-2014.

OWNER OF U.S. REG. NOS. 3,799,398 AND 4,515,634.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "INSURANCE", APART FROM
THE MARK AS SHOWN.

SN 86-976,562, FILED 3-31-2014.

KRISTIN DAHLING, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

<div style="border:1px solid black">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years\***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT D







📧 CONTACT   📅 EVENTS   💬 BLOG   👥 CAREERS

YOU ARE HERE: <u>PRODUCTS</u>

# PRODUCTS

**iPipeline's vision is to dramatically improve how insurance is sold.**

Our years of partnering with and being advised by leading carriers, distributors, and financial institutions have enabled us to better understand your evolving needs. This knowledge has influenced our product roadmap and resulted in the industry's most extensive solutions offering for agents and advisors around the globe.

Doing business with iPipeline is easy. Based on the lines of business you support and your channel distribution strategy, iPipeline's industry experts will recommend selected solutions to ensure every business requirement is met to support your marketing, selling and processing needs. Explore the section of the site to experience the industry's most extensive solutions offering.



The North American insurance industry is positioned for strong growth. iPipeline's solutions enable carriers, distributors, financial institutions and their agents and advisors to adapt to the emerging self-service, direct-to-consumer, and mobile marketplace.

All devices, anywhere, anytime: iPipeline's solutions at work.



## MARKET & SELL

iPipeline's industry leading products streamline and accelerate the marketing and selling of life insurance, annuity and health products. Whether you are using our CRM, health class estimation, quoting, or illustrations solutions, the agent, advisor and customer experience is significantly enhanced. Learn more about our products for marketing and selling which offer substantial speed-to-market advantages.

LEARN MORE »



## APPLY & MANAGE

Engineered with the agent and advisor in mind, iPipeline's next-generation solutions simplify and speed the completion of applications, execution of order entries, and management of the entire process. The following products produce 100% in Good Order submissions certified by ACORD and, when required, include customized workflows and suitability reviews to ensure FINRA, SEC and state compliance.

LEARN MORE »



## DELIVER & E-SIGN

The mass youth market is enormous, representing the single largest opportunity for the life insurance industry.  Have you automated the delivery of policies and supporting documents? Are you able to conduct two-way conversations? Do millennials view your brand and its operation as current or old school? iPipeline's next-generation DocFast® e-Delivery solution drives up placement ratios and improves the customer experience. Traditional mailing costs and delays are reduced, documents are delivered faster, and policies go inforce sooner.

LEARN MORE »

© Copyright 2018 Internet Pipeline, Inc. All Rights Reserved.

SITEMAP   PRIVACY POLICY   TERMS OF SERVICE   WEBEX   ISERVICE

SITE BY: ALLUEBSCOPE





its